```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

GIOVANNA SMITH, individually and on
behalf of all others similarly
situated,                                        MEMORANDUM & ORDER
                                                 20-CV-5684(EK)(MMH)
                    Plaintiff,

            -against-

ABBOTT LABORATORIES INC.,

                    Defendant.

-------------------------------------x
```

ERIC KOMITEE, United States District Judge:

        Plaintiff Giovanna Smith brought this putative class action against Abbott Laboratories, Inc., alleging that Abbott deceptively labeled a "toddler drink" it sells under the name "Go & Grow by Similac."  Smith brings state-law claims for fraud, negligent misrepresentation, breach of express and implied warranty, and false advertising and deceptive consumer-oriented conduct under Sections 349 and 350 of the New York General Business Law.  She also alleges a federal claim under the Magnuson-Moss Warranty — Federal Trade Commission Improvement Act (MMWA).  Smith invokes this Court's jurisdiction based entirely on the Class Action Fairness Act of 2005 (CAFA), which expands federal courts' diversity jurisdiction to include

certain state-law class actions.[1]  Because Smith has failed to plead that the class here has at least 100 members, as CAFA requires, the complaint is dismissed without prejudice for lack of subject matter jurisdiction.

## I. Discussion

A plaintiff asserting subject matter jurisdiction under CAFA "has the burden of proving by a preponderance of the evidence that it exists." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000); *see Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 57 (2d Cir. 2006).[2]  Federal courts have an "independent obligation to consider the presence or absence of subject matter jurisdiction *sua sponte*." *Joseph v. Leavitt*, 465 F.3d 87, 89 (2d Cir. 2006); *see* Fed. R. Civ. P. 12(h)(3).  At the pleading stage, while "a court must accept as true all material factual allegations" in the complaint, "when the question to be considered is one involving the jurisdiction of a federal court, jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." *Shipping Fin. Servs. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998).

---

[1] While the MMWA independently expands federal jurisdiction to embrace certain claims, Smith does not plead that those requirements are met here (and, as discussed below, they are not).

[2] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

2

**A.   The Complaint Does Not Satisfy CAFA's Numerosity Requirement**

"[A] court must assess the three prerequisites for CAFA jurisdiction: no fewer than 100 members of the plaintiff class, minimal diversity, and $5 million in controversy." *Blockbuster*, 472 F.3d at 57; *see* 28 U.S.C. § 1332(d).  Smith nowhere pleads the size of her putative class.  In her First Amended Class Action Complaint ("FAC"), ECF No. 22, she proposes to represent a class of "all purchasers of [Go & Grow] who reside in New York during the applicable statutes of limitations who purchased [Go & Grow] for a child between twelve and thirty-six months old."  Am. Compl. ¶ 57.  But she levels no allegation regarding the number of such purchasers, nor does she plead any facts from which it could be plausibly inferred that there are at least 100.  She omits to say, for example, how many Go & Grow units were sold to the class, or even how many units were sold in New York (and thus plausibly sold to class members).  *Cf.* Am. Compl. ¶ 43 (pleading only that "sales of [Go & Grow]" i.e., the entire market, plus "any available statutory and other monetary damages, exceed $5 million during the applicable statute of limitations").

These allegations are "insufficient to demonstrate numerosity because the Court is left to speculate whether there are 100 or more putative class members as required by CAFA."

*Krasner v. Cedar Realty Tr., Inc.*, No. 22-CV-06945, 2023 WL 3057387, at *3 (E.D.N.Y. Apr. 24, 2023). In *Krasner*, the district court remanded because the pleadings lacked allegations sufficient to satisfy the 100-class-member "numerosity" requirement. *Id.* at *3.[3] Here, too, because Smith "fail[s] to satisfy the jurisdictional numerosity prerequisite of 100 or more putative class members, the Court lacks subject matter jurisdiction" over her state law claims. *Id.*[4]

**B. Smith Does not Establish Jurisdiction under the MMWA**

Smith also asserts a federal warranty claim under the Magnuson-Moss Warranty Act, though she "has not invoked the MMWA as a basis for the Court's jurisdiction." Pl.'s Mem. 16, ECF No. 30 (internal quotation marks omitted). In any event, while the MMWA allows certain claims that do not satisfy CAFA to

---

[3] In proposing to represent "all purchasers" of a particular demographic, Smith may also be proposing a class that is overinclusive, as it "would include many class members who were not deceived and suffered no damage." *In re Sears, Roebuck & Co. Tools Mktg. & Sales Pracs. Litig.*, No. 05-CV-2623, 2007 WL 4287511, at *5 (N.D. Ill. Dec. 4, 2007) (stating such "deficiency" "dooms class certification"). For example, the court in *Wang v. Tesla, Inc.*, 338 F.R.D. 428, 443 (E.D.N.Y. 2021) denied leave to amend a complaint to add class claims because the amendment would be futile, given that "the definition of class membership [wa]s not tethered to a particular misrepresentation or warranty statement." *Id.* The court explained that "membership in the class says nothing about whether the owner received a misrepresentation." *Id.* I need not reach this question here given the absence of allegations that, even as proposed, the class contains at least 100 members.

[4] Smith also fails to plead diversity jurisdiction under 28 U.S.C. § 1332(a) because she neither alleges nor suggests it is plausible that at least one named plaintiff (namely, Smith, as the only named plaintiff) can satisfy the excess-of-$75,000 amount in controversy requirement. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 549 (2005).

4

proceed in federal court, the FAC does not meet the MMWA's jurisdictional prerequisites, either.

The MMWA provides a cause of action for consumers aggrieved by a defendant's failure to honor warranties. The MMWA provides for jurisdiction in state and federal courts, broadly speaking. Plaintiffs bringing MMWA actions may:

> bring suit for damages and other legal and equitable relief —
>
>> (A) in any court of competent jurisdiction in any State or the District of Columbia; or
>>
>> (B) in an appropriate district court of the United States, subject to paragraph (3) of this subsection.

15 U.S.C. § 2310(d)(1). However, the second prong — providing jurisdiction in federal district courts — is subject to an exception that the first prong is not:

> No claim shall be cognizable in a suit brought under paragraph (1)(B) of this subsection —
>
>> . . .
>>
>> (C) if the action is brought as a class action, and the number of *named plaintiffs* is less than one hundred.

*Id.* § 2310(d)(3) (emphasis added). Despite the italicized requirement, Smith is bringing the case as a class action, and she is the only named plaintiff. FAC ¶¶ 39, 45.

Some district courts have held that jurisdiction may be proper in this situation under Section 2310(d)(1)(A), which grants jurisdiction over MMWA claims to "any court of competent

jurisdiction in any State or the District of Columbia." For example, the court in *Chapman v. Gen. Motors LLC*, stated:

> the language of (A), "any court of competent jurisdiction," is broad — there is no indication that it is restricted to only state courts, or conversely that federal courts are excluded. Therefore, if a district court had jurisdiction over an MMWA claim through CAFA, it would meet the requirements of (A), and the 100 named plaintiffs requirement would not apply.

531 F. Supp. 3d 1257, 1305 (E.D. Mich. 2021), *reconsideration denied,* No. 19-cv-12333, 2021 WL 5745695 (E.D. Mich. Nov. 9, 2021).

But the better answer is that Section 2310(d)(1)(A) is inapplicable here. "If such reasoning [as that of *Chapman*, *supra*] were adopted, . . . § 2310(d)(1)(B) would be rendered a nullity, a result contrary to the rule that a statute should not be construed in a manner which robs specific provisions of independent effect." *Woo v. Am. Honda Motor Co.*, 462 F. Supp. 3d 1009, 1015 (N.D. Cal. 2020); *accord Powell v. Subaru of Am., Inc.*, 502 F. Supp. 3d 856, 885 (D.N.J. 2020). Rather, Subsection (1)(A) "governs those cases brought in state or local courts in any state or the District of Columbia, while subsection (B) provides for jurisdiction in federal courts, with the corresponding requirements for such claims brought in federal court outlined above." *Powell*, 502 F. Supp. 3d at 885; *see also Floyd v. Am. Honda Motor Co.*, 966 F.3d 1027, 1034 (9th

6

Cir. 2020) (holding that MMWA's "text is clear that a requirement for an MMWA class action in federal court is at least one hundred named plaintiffs").

For these reasons, Smith's MMWA claim is also dismissed for lack of subject matter jurisdiction.

### IV. Conclusion

Smith's complaint is dismissed without prejudice. Abbott's motion to dismiss that pleading is denied as moot. Smith may file an amended complaint that cures these jurisdictional deficiencies by October 10, 2023.

While Abbott's Rule 12(b)(6) motion is now moot, certain concerns that it raises about the sufficiency of Smith's allegations on the merits must also be overcome in any forthcoming amendment. The Court indicated substantial questions at oral argument about whether the complaint adequately states a claim on any cause of action.[5] Given the lack of subject matter jurisdiction, I do not reach these issues at this time. Suffice it to say that if Smith decides to amend, "careful attention should be given to each of these points because they would give rise to serious questions" on a

---

[5] Among other things, the Court asked Smith to distinguish her theory of deception from the one rejected in *Winston v. Hershey Co.*, in which the plaintiff argued that the labeling of Hershey's "White Reese's Peanut Butter Cups," which contain no chocolate, was deceptive because Hershey's brand is associated with chocolate. No. 19-cv-3735, 2020 WL 8025385, at *1, *4 (E.D.N.Y. Oct. 26, 2020). Hr'g Tr. 27:10-22, ECF No. 39.

subsequent motion to dismiss pursuant to Rule 12(b)(6).  *United States v. Brennan*, 183 F.3d 139, 151 (2d Cir. 1999).

SO ORDERED.

        /s/ Eric Komitee
ERIC KOMITEE
United States District Judge

Dated:    September 19, 2023
          Brooklyn, New York